**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ALEJANDRO DIEGO CASTRO,

Petitioner,

v.

WARDEN, OTAY MESA DETENTION CENTER, *et al.*,

Respondents.

Case No. 26-cv-01387-BAS-MMP

**ORDER GRANTING IN PART AND DENYING IN PART AMENDED PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 10)**

## I. BACKGROUND

On March 4, 2026, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1 ("First Petition").) At the time, he was unrepresented by counsel. The Honorable Andrew G. Schopler dismissed the First Petition with leave to file an amended petition by March 27, 2026. (ECF No. 2.) Petitioner failed to do so.

Instead, Petitioner filed a new habeas petition, which was placed on the docket of the undersigned. (*Diego Castro v. LaRose*, No. 26-cv-02203-BAS-MMP (S.D. Cal. filed Apr. 8, 2026) ("Second Petition").) This time he was represented by counsel. In the Second Petition, Petitioner argued his detention was arbitrarily and unreasonably prolonged without a bond hearing and that his detention was subject to § 1226 because he was arrested

in the interior of the United States. (*Id.*, ECF No. 1.) This Court disagreed. (*Id.*, ECF No. 5.) On April 20, 2026, the Court found that Petitioner's five months in detention were not unreasonably prolonged and that Petitioner was initially detained at the border, so he was subject to mandatory detention under § 1225 and not eligible for a bond hearing under § 1226. (*Id.*)

On June 24, 2026, Petitioner then filed a third habeas petition. (*Diego Castro v. LaRose*, No. 26-cv-03701-BAS-MMP (S.D. Cal. filed June 24, 2026) ("Third Petition").) The Court dismissed the Third Petition as repetitive or duplicative and found the additional two months in custody still did not make the detention unreasonably prolonged. (*Id.*, ECF No. 4.)

Undeterred, Petitioner reverted to his First Petition dismissed with leave to amend in March 2026 before Judge Schopler. On October 15, 2026, nearly seven months after the date the Court had originally set for an amended petition to be filed, and after the Court had ruled on Petitioner's two additional petitions, Petitioner filed an Emergency Motion to have the Court hear his First Petition. (ECF No. 3.) Because of the additional time in custody since his Third Petition was dismissed, and because he was no longer represented by counsel, the Court referred the case to Federal Defenders for possible appointment of counsel. (ECF No. 4.) And given that the undersigned had resolved the merits arguments raised in the Second Petition, the First Petition was transferred to this Court after a Notice of Related Cases was filed. (ECF Nos. 8, 9.)

Counsel now files an Amended First Petition, arguing: (1) Petitioner's parole was revoked in violation of immigration regulations and the Due Process Clause; (2) Petitioner was arrested without an administrative warrant in violation of statutes and regulations; and (3) Petitioner has been subject to prolonged detention. (ECF No. 10.) The Government responds, arguing that raising the first two issues after two previous habeas petitions constitutes an abuse of the writ. (ECF No. 12.) However, the Government concedes that, given past rulings, Petitioner's detention may now be unreasonably prolonged. (*Id.*) Thus, the Government agrees this Court "should order that Petitioner receive a bond hearing,

where the Government would bear the burden of proof . . . by clear and convincing evidence, that Petitioner poses a danger to the community or risk of flight." (*Id.*) Petitioner files a Traverse arguing that raising new issues is not an abuse of the writ, and the Court should order Petitioner released without the necessity of a bond hearing. (ECF No. 13.)

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). The writ is available to noncitizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody, and since he is seeking release from custody, he has standing to pursue this Amended First Petition.

## III. STATEMENT OF FACTS

On May 2, 2022, Petitioner, a Mexican citizen, came to the U.S. border to apply for asylum. (ECF No. 12, Ex. 1.) Immigration and Customs Enforcement ("ICE") paroled him into the United States for one year. (*Id.*)

On September 18, 2024, Petitioner was convicted of driving under the influence and hit-and-run with property damage. (*Id.*) On July 30, 2025, Petitioner was again arrested for driving under the influence. (*Id.*) Although ICE claims it lodged an immigration detainer against Petitioner, he was released from state custody. (*Id.*) Thus, ICE attempted to locate and arrest Petitioner. (*Id.*) On November 3, 2025, ICE apparently arrested Petitioner without a warrant. (*Id.*, Ex. 2.)

Petitioner has now been in custody for one year. An Immigration Judge ordered him removed, but he has appealed that order. (*Id.*, Ex. 3.)

## IV. ANALYSIS

### A. Abuse of Writ

The Government argues the Court should not reach Petitioner's arguments that he was previously paroled into the United States and then was arrested without a warrant because the abuse of the writ doctrine applies to this Amended First Petition. (ECF No. 12.) "The doctrine of abuse of the writ defines the circumstances in which federal courts decline to entertain a claim presented for the first time in a second or subsequent petition for a writ of habeas corpus." *McCleskey v. Zant*, 499 U.S. 467, 470 (1991).[1] This doctrine "generally 'forbids the reconsideration of claims that were *or could have been* raised in a prior habeas petition.'" *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011) (emphasis added) (quoting *Calderon v. U.S. Dist. Ct. (Kelly)*, 163 F.3d 530, 538 (9th Cir. 1998)).

Although the Amended First Petition was filed in Petitioner's original habeas action, he litigated two additional habeas petitions before reverting to this original case. Therefore, this Amended First Petition is subject to the abuse of writ standard. If the Amended First Petition's parole and warrantless arrest claims fall under this standard, then the claims are subject to dismissal "unless the petitioner can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain the claim." *See Eldridge v. Howard*, 70 F.4th 543, 551 (9th Cir. 2023) (quoting *Alaimalo*, 645 F.3d at 1049). The Government bears the burden of pleading the abuse of the writ "with clarity and particularity." *See McCleskey*, 499 U.S. at 468. The burden then shifts to Petitioner to "disprove abuse." *See id.*

---

[1] Congress has since enacted stringent gatekeeping provisions for many habeas petitions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Banister v. Davis*, 590 U.S. 504, 514 (2020). However, AEDPA's gatekeeping rules do not cover this petition under Section 2241. *See, e.g.*, *Barapind v. Reno*, 225 F.3d 1100, 1111–12 (9th Cir. 2000).

Here, the Government meets its burden of invoking the doctrine, particularly given that the record already documented the prior petitions. (*See* ECF Nos. 8, 9.) The Government identifies Petitioner's prior habeas proceedings, highlights both the revocation of parole and the warrantless arrest claims as newly asserted, and argues that Petitioner could have raised those claims in the earlier proceedings. (*See* ECF No. 12.) Thus, Petitioner has the burden to disprove abuse. In attempting to meet his burden, Petitioner contends both exceptions to the doctrine apply. (*See* ECF No. 13.) Specifically, Petitioner argues that there is cause for his failure to raise the warrantless arrest issue earlier, and denial of either claim would result in a fundamental miscarriage of justice. (*Id.*)

The Court is unconvinced. Initially, Petitioner does not show "cause for bringing a successive petition." *See Eldridge*, 70 F.4th at 551. Cause exists if there was an external obstacle to raising the warrantless arrest claim in the prior petition, such as where "the factual or legal basis for [the] claim was not reasonably available to counsel." *See McCleskey*, 499 U.S. at 494.

Nor does Petitioner show the legal basis of his warrantless arrest claim was not reasonably available. Petitioner argues the Amended First Petition's claim relies on the "factual findings and legal conclusions based on extensive discovery and analysis" from the Central District of California in *Vasquez Perdomo v. Mullin*, __ F. Supp. 3d __, 2026 WL 2751388 (C.D. Cal. Sept. 2, 2026). (ECF No. 13.) Petitioner's argument, however, conflates new persuasive authority with a new legal basis for relief. If persuasive, the decision in *Vasquez Perdomo* may bolster a warrantless arrest claim, but the decision does not create that claim or make it newly available. Nor do the factual findings from the preliminary injunction ruling in *Vasquez Perdomo* form the factual basis of this Petitioner's warrantless arrest claim.

Moreover, the statutory provision governing warrantless immigration arrests has been on the books for many years. *See* 8 U.S.C. § 1357; *see also, e.g.*, *Mountain High Knitting, Inc. v. Reno*, 51 F.3d 216, 218 (9th Cir. 1995) (discussing Section 1357 and warrantless arrest requirements); *United States v. Reyes-Oropesa*, 596 F.2d 399, 400 (9th

Cir. 1979) (concluding agent had authority to make warrantless arrest under Section 1357); *United States v. Meza-Campos*, 500 F.2d 33, 34 (9th Cir. 1974) (per curiam) (interpreting Section 1357). Consequently, the legal basis for this claim was reasonably available when Petitioner filed his earlier petitions, and Petitioner has not shown cause for omitting it. *See J.A.C.P. v. Wofford*, No. 1:25-cv-01354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025) (determining—well before any petition was filed in this case—that "[i]ssuance of a warrant is a necessary condition to justify discretionary detention" (quoting *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025))). The same analysis holds true for Petitioner's due process claim. And because Petitioner has not established cause, the Court need not determine whether he has established prejudice to justify a successive petition. *See Eldridge*, 70 F.4th at 551.

Finally, the Court is likewise unpersuaded that "a fundamental miscarriage of justice would result from failure to entertain [either] claim." *See Eldridge*, 70 F.4th at 551. This second exception to the abuse of the writ doctrine is narrow, and it commonly concerns "the conviction of an actually innocent person." *See Lee v. Lampert*, 653 F.3d 929, 934 (9th Cir. 2011); *see also McCleskey*, 499 U.S. at 494 (noting this "narrow class of cases" entails "extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime").

There is no direct equivalent to actual innocence in the immigration context. However, courts have drawn parallels with individuals who had been given the right to be within the country yet were being detained. *See, e.g.*, *Jemna v. Mullin*, No. 3:26-cv-02396-RBM-VET, 2026 WL 2936600, at *4 (S.D. Cal. Sept. 30, 2026). The Court agrees that the wrongful detention of an individual legally in the country would be equivalent to actual innocence in the criminal context. However, there is no claim in this case that Petitioner has legal authority to be in the United States. Instead, his claim is that the Immigration Judge wrongfully denied his asylum claim and he is being wrongfully detained while he appeals this decision.

Extending the "fundamental miscarriage of justice" exception to cover all allegations of constitutional violations would swallow the rule. *Cf. Plains Com. Bank v. Long Fam. Land & Cattle Co.*, 554 U.S. 316, 330 (2008) (reasoning that "limited" exceptions to a judicially created rule "cannot be construed in a manner that would 'swallow the rule'"). Every petitioner claiming a constitutional violation in an immigration habeas petition could avoid the abuse of the writ doctrine by stating the violation is a fundamental miscarriage of justice. Petitioner does very little analysis explaining why his situation is the equivalent of actual innocence. Accordingly, Petitioner has not met his burden of disproving abuse of the writ, and the Court denies this Amended First Petition's new claims on this basis. The Court therefore does not reach the merits of the warrantless arrest or revocation of parole claims.

**B. Prolonged Detention**

Petitioner has now been in custody for one year. His appeal to the Board of Immigration Appeals has been pending since September 18, 2026, without any briefing schedule. (ECF No. 13.) The Government agrees that, based on prior decisions, this constitutes an arbitrarily and unreasonably prolonged detention. (ECF No. 12.) Therefore, the Government agrees the Court "should order that Petitioner receive a bond hearing, where the Government would bear the burden of proof . . . by clear and convincing evidence, that Petitioner poses a danger to the community or risk of flight." (ECF No. 12.)

The Court agrees. Given his prolonged detention, the Court finds a bond hearing is appropriate.

//

//

//

//

//

//

//

## V. CONCLUSION

For the reasons stated above, the Court **DENIES** the Amended First Petition (ECF No. 10) to the extent it raises new issues of warrantless arrest and revocation of parole without notice. However, the Court **GRANTS** the Amended First Petition (ECF No. 10) to the extent it claims Petitioner's detention has been arbitrarily or unreasonably prolonged. Accordingly, the Court issues the following writ:

> The Court **ORDERS** a bond hearing before an Immigration Judge for Alejandro Diego Castro (A#201-600-980) within 14 days of the date of this Order. At that bond hearing, the Government shall have the burden of proving by clear and convincing evidence that Petitioner poses a danger to the community or a risk of flight if released on bond. If no bond hearing is held within 14 days, Petitioner is ordered released forthwith.

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

**DATED: November 23, 2026**

Cynthia Bashant

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**